UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

ANDRE RICHARDS,

        Defendant.

23-CR-96
DECISION & ORDER

---

The defendant, Andre Richards, was indicted on two counts of possessing methamphetamine with intent to distribute it. Docket Item 17. On August 31, 2023, this Court referred the case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 19.

Several months later, Richards moved to suppress evidence that law enforcement obtained during a search of his residence. Docket Item 28. After the government responded, Docket Item 30, Judge McCarthy heard oral argument, *see* Docket Item 43.

Judge McCarthy then issued a Report, Recommendation, and Order ("RR&O") ruling on various non-dispositive motions and recommending that this Court deny Richards's motion to suppress. Docket Item 44. Richards objected to the RR&O, Docket Item 50, and the government responded, Docket Item 52. Richards did not reply, and the time to do so has passed.[1] *See* Docket Item 66.

---

[1] Following the initial briefing on Richards's objection, he requested new counsel. *See* Docket Item 55. This court granted that request, appointed new counsel, and gave counsel an opportunity to supplement the objection and submit a reply. *See* Docket

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). The court must review de novo those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).

This Court has carefully and thoroughly reviewed the RR&O, the objection, the response, and the materials submitted to Judge McCarthy. Based on that de novo review, the Court accepts and adopts Judge McCarthy's recommendation to deny Richards's motion to suppress.

## DISCUSSION[2]

Richards argues that the warrant to search his residence lacked probable cause for a few reasons. Docket Item 50 at 2-6.[3]

First, Richards says that the information provided in the affidavit supporting the warrant application did not demonstrate that any drug transactions had been conducted in his residence. *Id.* at 2. Instead, he says, a confidential informant ("CI") supposedly purchased narcotics from Richards on several occasions *outside* Richards's home. *Id.* According to Richards, those alleged transactions did not have a sufficient nexus to his residence to provide probable cause to search. *Id.* at 4.

---

Items 58, 61, and 66. Ultimately, however, new counsel opted to rely on the prior submissions. See Docket Item 72.

[2] The Court assumes the reader's familiarity with the underlying facts and Judge McCarthy's analysis in the RR&O. See Docket Item 44.

[3] Page numbers in docket citations refer to ECF pagination.

Moreover, Richards says that information in the warrant application about the stop of a vehicle further erodes the application's reliability. More specifically, Richards says that after a controlled buy with the CI in March 2023, law enforcement stopped Richards's vehicle. *Id.* The warrant application incorrectly stated that Richards was driving the vehicle; in fact, he was a passenger. *Id.* Richards concedes Judge McCarthy's finding "that this error alone would not be relevant to a probable cause determination." *Id.* But Richards nonetheless contends that "this error calls into question the accuracy of reported information about law enforcement's surveillance of the CI and . . . Richards throughout the [March 2023] transaction." *Id.*

As the government observes in its response, Docket Item 52 at 6, the standard of review with respect to the validity of a warrant is whether the issuing judge had a "substantial basis" to conclude that probable cause existed. *See United States v. Montague*, 2017 WL 3483665, at *2 (W.D.N.Y. Aug. 15, 2017). That standard is easily met here. As the government notes, Docket Item 52 at 6-7, the search warrant application includes detailed information from the CI and law enforcement about several controlled buys, *see* Docket Item 30-2. Among other things, the CI reported that a controlled buy had been arranged at Richards's home (although ultimately conducted elsewhere) in December 2022. *See id.* at 3. The CI also stated that the CI had "met Richards inside his apartment in the past to conduct similar transactions." *Id.* at 4. And in March 2023, law enforcement observed Richards leaving his home to go to a pre-arranged controlled buy, suggesting that he likely was storing drugs at his house. *See id.*

3

The error in the affidavit about who was driving does not change the calculus. This Court agrees with Judge McCarthy that "while this misrepresentation is troubling, it does not appear to be material to the probable cause determination." Docket Item 44 at 6-7. Indeed, as noted above, Richards conceded that the error alone was insufficient to disturb the probable cause determination. See Docket Item 50 at 4.

Finally, even if Richards could demonstrate that the search warrant was not supported by probable cause, the good faith exception would apply here. *See United States v. Ganias*, 824 F.3d 199, 221 (2d Cir. 2016) (explaining that "the exclusion of evidence is inappropriate when the government acts 'in objectively reasonable reliance' on a search warrant, even when the warrant is subsequently invalidated" (quoting *United States v. Leon*, 468 U.S. 897, 922 (1984))). Indeed, Richards does not give any reason why the officers executing the search could not reasonably rely on the warrant, *see* Docket Item 50; along the same lines, he did not reply to the government's argument regarding the good faith exception. So even if the warrant were invalid, suppression would not be warranted.

For all those reasons, this Court agrees with Judge McCarthy that Richards's motion to suppress should be denied.

## **CONCLUSION**

For the reasons stated above and in the RR&O, this Court accepts Judge McCarthy's recommendation, Docket Item 44, and Richards's motion to suppress evidence, Docket Item 28, is DENIED.

SO ORDERED.


Dated:      June 26, 2025
            Buffalo, New York

                                            /s/ Lawrence J. Vilardo
                                           LAWRENCE J. VILARDO
                                           UNITED STATES DISTRICT JUDGE